UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

| | |
|---|---|
| **TENNESSEE RIVERKEEPER, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. |
| **CITY OF PULASKI, TENNESSEE,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Tennessee Riverkeeper, to make and file this Complaint as follows:

## NATURE OF THE CASE

1. This is a citizen's suit, brought pursuant to the provisions of Section 505(a)(1) of the Federal Water Pollution Control Act, also known as the Clean Water Act (hereinafter "CWA"), as amended, 33 U.S.C. § 1365(a)(1), to address violations of the CWA by Defendant, City of Pulaski, Tennessee ("Pulaski") arising out of illegal discharges of pollutants from the Pulaski Sewage Treatment Plant located at Pulaski, Giles County, Tennessee.

2. Defendant Pulaski is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System ("NPDES").

1

3. Pulaski is violating provisions of its NPDES permit by operating its sewage treatment plant in a manner that discharges pollutants to the waters of the United States and waters of the state in excess of the limitations of its permit, by failure to operate its collection system so as to avoid overflows and by failure to timely report noncompliance with the Tennessee Department of Environment and Conservation ("TDEC") Division of Water Resources. Riverkeeper seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of litigation costs, including attorney and expert witness fees, for Defendant Pulaski's repeated and ongoing violations of the CWA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the CWA claims set forth in this Complaint by virtue of Section 505(a)(1) of the Federal Water Pollution Control Act ("FWPCA"), also known as the Clean Water Act ("CWA"), 33 U.S.C. § 1365(a)(1). Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1331 (Federal question).

5. Venue is appropriate in the Middle District of Tennessee pursuant to 33 U.S.C. § 1365(c)(1) and because the acts, omissions, and/or violations complained of herein occurred, and continues to occur, within the Middle District of Tennessee.

## NOTICE

6. Riverkeeper has complied with the pre-suit notice provisions of the CWA. Pursuant to 33 U.S.C. § 1365(b)(1)(A), 40 C.F.R. Part 135, on May 4, 2018, Riverkeeper gave Defendant notice of the violations alleged herein and its intent to sue after the expiration of sixty (60) days ("May Notice"), attached hereto as Exhibit 1. At the same time Riverkeeper mailed a copy of the May notice to the Administrator of the Environmental Protection Agency ("EPA"), the Regional

Administrator of Region IV of the EPA, and the Commissioner of TDEC. Service of notice on Defendant was by certified mail. More than 60 days and less than 120 days have passed since the May Notice was served on Defendant and these agencies.

7. Since Riverkeeper gave notice, the violations complained of have not ceased, and are ongoing. Neither the EPA nor the State of Tennessee has commenced and diligently prosecuted a civil or criminal enforcement action in a court of the United States or a state for the violations. Furthermore, prior to the May notice, neither the EPA nor the State of Tennessee commenced and diligently prosecuted an administrative action under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations.

8. Neither the EPA nor the state has issued a final order not subject to further judicial review and the Defendant has not paid a penalty assessed under 33 U.S.C. §1319(g), or under a comparable Tennessee law, for the violations. Furthermore, neither the EPA nor the state has commenced an action under 33 U.S.C. § 1319(g) prior to Riverkeeper mailing the May Notice, and this action is being filed before the 120th day after mailing of the May Notice.

9. Riverkeeper will, immediately upon receipt of a file stamped copy of this Complaint, mail a copy of this Complaint to the Administrator of the EPA, the Regional Administrator of the EPA Region in which the violations are alleged to have occurred, and the Attorney General of the United States.

## PARTIES

10. Tennessee Riverkeeper, Inc. ("Riverkeeper") is a non-profit corporation formed in the State of Alabama and granted authority to operate in Tennessee by the Division of Business Services, State of Tennessee, as a nonprofit foreign corporation. Riverkeeper has approximately 1,500

members, and is dedicated to the preservation, protection, and defense of the Tennessee and Cumberland Rivers and their tributaries. Riverkeeper actively supports effective enforcement and implementation of environmental laws, including the CWA and the Tennessee Water Quality Control Act ("TWQCA"), Tennessee Code Annotated, Sections 69-3-101 through 69-3-120, on behalf of and for the benefit of its members.

11. Members of Tennessee Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, Richland Creek, Elk River, and Tennessee River in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in the Richland Creek, Elk River, and Tennessee River. The quality of these waters directly affects the recreational, aesthetic, and environmental interests of certain members of Tennessee Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Tennessee Riverkeeper's members have been, are being, and will be adversely affected by the Defendant's continued violation of the NPDES permit requirements, Tennessee NPDES rules, the TWQCA, and the CWA as alleged in this complaint.

12. Members of Tennessee Riverkeeper now recreate less on the Richland Creek, Elk River, and Tennessee River because of the Defendant's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely affected and/or diminished aquatic life and water quality in the Richland Creek, Elk River, and Tennessee River and have made these waters less suitable for fishing, boating, wading, walking, observing nature, or relaxing. Said members would recreate more in and around Richland Creek, Elk River, and Tennessee River but for Defendant's illegal discharges of pollution. Riverkeeper's

members will recreate more often in or near Richland Creek, Elk River, and Tennessee River once the Defendant's illegal discharges cease.

13. Riverkeeper is a "citizen" within the meaning of 33 U.S.C. §§ 1365(g) and 1365(a).

14. Defendant, Pulaski, is a Tennessee municipal corporation, within the Middle District of Tennessee, with principal offices in Pulaski, Tennessee. Pulaski is the owner and operator of the Pulaski Sewage Treatment Plant and is in control of the facility.

15. Defendant Pulaski is a "person" within the meaning of 33 U.S.C. §§1362(5) and 1365(a)(1).

## STATUTORY BACKGROUND

16. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants from a point source into waters of the United States unless the discharge is in compliance with various enumerated sections of the CWA. Among other things, Section 301(a) prohibits such discharges not authorized by, or in violation of the terms of, a National Pollutant Discharge Elimination System permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

17. The State of Tennessee has been delegated the authority to implement the permitting programs of the Act by EPA, including the NPDES permit program, pursuant to 33 U.S.C. § 1342(b). TDEC is the water pollution control agency for purposes of the Act, and has drafted regulations pursuant to that authority implementing the Act's permitting programs within the State of Tennessee.

18. A citizen suit, pursuant to 33 U.S.C. § 1365(a)(1), may be brought for violations of the terms and conditions of NPDES permits. 33 U.S.C. § 1365(f).

## GENERAL ALLEGATIONS

19. This is an action for declaratory judgment, injunctive relief, civil penalties, and litigation costs, including reasonable attorney and expert witness fees, to enforce provisions of the CWA, the TWQCA, and regulations adopted pursuant to said acts.

20. The Town of Pulaski is in violation of sections 301 and 402 of the CWA (33 U.S.C. §§1311 and 1342) and sections 122.1 *et sec* of Title 40 of the Code of Federal Regulations. These laws require that no facility shall discharge pollutants to waters of the United States or waters of the state except as authorized by a permit issued pursuant to the National Pollutant Discharge Elimination System.

21. TDEC issued the Town of Pulaski NPDES permit number TN0021687 ("Permit") which authorizes the Pulaski to discharge treated sanitary wastewater from one designated outfall, called Outfall 001 into Richland Creek at Mile 23.3, subject to specifically stated discharge limitations and monitoring requirements. All discharges must be in accordance with effluent limitations, monitoring requirements, and other conditions set forth in the NPDES Permit. Specifically, Part l.1. of the NPDES Permit establishes numeric effluent limitations and monitoring requirements for various effluent characteristics and parameters. Pulaski is subject to strict liability for any violations of its permit. Any permit noncompliance constitutes a violation of applicable state and federal laws and is grounds for enforcement action. *See,* Permit §2.3.1.

22. As set forth in the May Notice attached hereto as Exhibit "A" and incorporated by reference herein, the Town of Pulaski has violated the CWA by operating its sewage treatment plant in a manner which discharges pollutants to the waters of the United States and waters of the state due

to failure to operate its collection system so as to avoid overflows, and by failure to timely report noncompliance with the TDEC Division of Water Resources.

23. The violations set forth in the Paragraph 22 above and the May Notice, are continuing and ongoing, or are likely to recur, as of the date this Complaint is being filed.

## COUNT ONE
## FAILURE TO AVOID OVERFLOWS IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT

24. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 23 above as if fully set out in this count.

25. Pulaski is in violation of provisions of the permit by failing to operate its collection system so as to avoid overflows. The permit specifically prohibits overflows and places a duty upon the permittee to avoid overflows. *See,* Permit §2.3.3. Overflows in violation of the permit have been reported on at least the following occasions:

| CITY of Pulaski STP, NPDES Permit # TN0021687, Overflows ||||
|---|---|---|---|
| Date | Est. Volume (Gallons) | Location of discharge | Known or suspected cause |
| 3/06/2018 | 3 | 709 Rackley Dr | Grease clog |
| 3/06/2018 | 50 | 16616 W College St | Grease clog |
| 3/02/2018 | 150,000 | MH# B1 East drainage | rain |
| 3/01/2018 | 500 | MH# JA3 Industrial park | rain |
| 3/01/2018 | 43,200 | MH# B1 East drainage | rain |
| 2/28/2018 | ** | MH# JA3 Industrial park | rain |
| 2/28/2018 | ** | MH# B1 East drainage | rain |
| 2/26/2018 | 80 | 539 Highland Ave | Paper clog |
| 2/25/2018 | 20,360,000 | EQB | Heavy rainfall, infiltration |
| 2/22/2018 | 28,800 | EQB | leak around overflow pipe |
| 2/19/2018 | 28,800 | EQB | leak around overflow pipe |
| 2/15/2018 | 75 | 150 Stonecreek Dr MH # AZ | Paper clog |
| 2/15/2018 | 6 | 107 E Jefferson | Paper clog |
| 2/15/2018 | 6 | 222 E Woodring | Paper clog |
| 2/12/2018 | 10,500,000 | EQB | Heavy rainfall, infiltration |
| 2/10/2018 | 1000 | 831 Mill St | Heavy rainfall |
| 2/10/2018 | 16000 | Nichols St M## E6A | Heavy rainfall |

| Date | Gallons | Location | Cause |
|---|---|---|---|
| 2/10/2018 | 10 | 504 South 1st St | Paper clog |
| 2/10/2018 | 150 | 421 W College St | clay pipe collapsed |
| 2/10/2018 | 200 | 419 W College St | clay pipe collapsed |
| 2/09/2018 | 10 | 208 Mitchell Street | Paper clog |
| 2/07/2018 | 100 | Symptor St MH ALBAA3 | Grease clog |
| 2/07/2018 | 500 | 322 N 2nd St | Grease clog |
| 2/01/2018 | 2 | 407 Church Street | Root intrusion |
| 2/01/2018 | 5 | 542 Lincoln St | Paper clog |
| 2/01/2018 | 4 | 308 Miller St | Grease clog |
| 1/29/2018 | 5 | 311 Alexander St | Paper clog |
| 1/29/2018 | 5 | 323 W Woodring St | Paper clog |
| 1/20/2018 | 10 | 543 Messet Dr | Grease clog |
| 1/18/2018 | 6 | 817 E Madison St | Grease clog |
| 1/14/2018 | 50 | 802 N 3rd | Grease clog |
| 1/08/2018 | 100 | 424 E Woodring St | Grease & paper clog |
| 12/26/2017 | 500 | Gordon St MH#AL12 | Grease clog |
| 12/20/2017 | 3 | 817 E Madison St | Grease clog |
| 11/08/2017 | 125 | MH#BB3 Magazua Rd & Cottonwood | Grease & paper clog |
| 11/06/2017 | 100 | MH#AK2 E Washington St | Grease clog |
| 8/29/2017 | 30 | MH# OBB2 Gordon Meadows Dr | Grease clog |
| 7/31/2017 | 50 | Dogwod St & Magazine Rd MH | Grease clog |
| 7/28/2017 | ** | 100 Sunset Dr MH #C0AA1 | Paper clog |
| 7/20/2017 | 10 | 209 N Cedar Lane | Paper clog |
| 5/29/2017 | 5 | 318 W Washington St | Paper clog |
| 2/16/2017 | 20 | 500 W Madison St | Broken sewer line |
| 1/25/2017 | 50 | W Madison MH CAN3 | Grease clog |
| 1/17/2017 | 50 | 221 E Madison St | Grease and Root intrusion |
| 11/30/2016 | 10 | 318 W Washington St | Paper clog |
| 11/22/2016 | 5 | 433 W Madison St | Paper clog |
| 10/19/2016 | 50 | 625 E Washington St | Root intrusion |
| 8/04/2016 | 20 | 417 Childers St | Sewer line point repair |
| 8/02/2016 | 2 | 817 E Madison St | Main line clog - roots |
| 7/27/2016 | 2000 | Hwy 31 So | Pump station rebuild |
| 7/18/2016 | 8000 | Hwy 31 So | Sewer Line relocation |
| 5/02/2016 | 100 | Manhole CC14 W Madison St | Root intrusion |
| 3/17/2016 | 50 | 900 Mill St | Grinder pump line broke |
| 3/07/2016 | 2 | 905 Cleveland St | Root intrusion |
| 2/23/2016 | 2 | 402 Spotwood St | Paper clog |
| 2/23/2016 | 2 | 105 Harmon Dr | Root intrusion |
| 2/19/2016 | 5 | Medina St | Grease clog |
| 2/10/2016 | 10 | 519 E College St | Root intrusion |
| 2/03/2016 | 200 | MH BBA1 Dogwood St | Grease clog |
| 2/03/2016 | 5 | 631 So Cedar Ln | Rood Intrusion, Grease clog |
| 2/02/2016 | 2 | 402 Pine St | Paper clog |
| 1/27/2016 | 10 | MH CA66, Flower St & Richland Dr | Paper clog |
| 1/27/2016 | 5 | Terrace Apt and W College St | Roots and Grease |
| 1/26/2016 | 5 | Martin College, West Madison St | Paper clog |

| Date | Gallons | Location | Cause |
|---|---|---|---|
| 1/23/2016 | 5 | Terrace Apt and W College St | Grease clog |
| 1/07/2016 | 3 | 449 No Third St | Paper clog |
| 1/04/2016 | 2 | 237 Stadium St | Grease clog |
| 12/22/2015 | 200 | 126 Sunset Dr MH CD14 | Root intrusion |
| 12/09/2015 | 2 | 117 No Ingram St | Grease clog |
| 12/08/2015 | 10 | 408 So Rhodes st | Root intrusion |
| 12/08/2015 | 5 | 809 E Madison St | Paper clog |
| 12/07/2015 | 20 | Washington Cir & Cypress St | Grease clog |
| 11/30/2015 | 5 | 213 West Poplar St | Grease Clog |
| 11/23/2015 | 50 | Stone Creek Dr MH CEA2 | Root intrusion |
| 11/18/2015 | 20 | 100 Edgehill Dr | Grease clog |
| 11/18/2015 | 100 | West Madison St MH CC14 | Grease clog |
| 11/13/2015 | 10 | 500 West Madison St | Paper clog |
| 11/02/2015 | 5 | 433 W Madison St | Grease clog |
| 11/01/2015 | 100 | 16654 W College St | Grease clog |
| 11/01/2015 | 2 | 227 W Drive | Grease clog |
| 6/12/2015 | 200 | 915 N 3rd St mainline | Grease |
| 6/09/2015 | 50 | MH AK10 E Woodring St | Grease and rags |
| 3/19/2015 | 20 | 408 S. Rhodes St | Clog in main line |
| 2/13/2015 | 15 | 1663 W College St | Paper clog |
| 12/31/2014 | 20 | 993 E College St | Grease clog |
| 12/21/2014 | 30 | 303 S First St | Grease clog |
| 12/20/2014 | 50 | MH BJA1 Pine St & Madison St | Grease clog |
| 12/19/2014 | 5 | 1242 Mill St | Grease and paper clog |
| 10/15/2014 | 10 | 1401 Pineview | Grease and paper clog |
| 10/13/2014 | 10 | 824 Nichols St | Grease clog |
| 8/19/2014 | 800 | MH A-2 South First St | Bypass pump failure |
| 8/07/2014 | 3 | 536 Valley View Dr | Paper clog |
| 7/07/2014 | 150 | 100 ft of Address 1411 Mill St | Defective line |
| 6/28/2014 | 3 | 429 McGrew St | Clogged service line - grease |
| 6/26/2014 | 200 | Dogwood BBA1 | Grease in main |
| 6/07/2014 | ** | Harwell Heights Pump St - Nichols | Rainfall |
| 6/06/2014 | 50 | 1832 Key Dr | Main line blockage |
| 6/06/2014 | ** | Harwell Heights Pump St - Nichols | flash flood |
| 6/05/2014 | 100 | MH A21 | Heavy rainfall |
| 6/05/2014 | ** | Harwell Heights Pump St - Nichols | flash flood |
| 3/28/2014 | 20 | 420 E College St | Clog in line |
| 3/15/2014 | 5 | 307 W Madison St | Paper clog |
| 3/14/2014 | 5 | 519 E College St | Root intrusion |
| 3/03/2014 | 10 | 903 N 1st St | Clog near main |
| 2/20/2014 | 5 | 526 Cleveland St | Paper clog |
| 2/17/2014 | 5 | 307 Longmeadow Cir | Paper clog |
| 2/11/2014 | 10 | 212 Pine St | Root intrusion |
| 2/09/2014 | 10 | 524 Maple St | Root intrusion |
| 2/05/2014 | 5 | 420 W Woodring St | Paper clog |
| 2/05/2014 | 5 | 416 Victoria St | Root intrusion |
| 2/05/2014 | 5 | 503 Highland Ave | Root intrusion |
| 2/03/2014 | ** | MH C013 behind 106 Sunset Dr | Roots intrusion |

| Date | | Location | Cause |
|---|---|---|---|
| 1/31/2014 | ** | 1150 Bledsoe Rd | roots |
| 1/30/2014 | 5 | 503 Highland Ave | clogged pipe |
| 1/29/2014 | 5 | 112 Turner St | Root intrusion |
| 1/29/2014 | ** | 504 S First St | customer removed cap on cleanout |
| 1/21/2014 | 5 | 420 W Woodring St | Grease clog |
| 1/16/2014 | 5 | 110 Victoria St | Grease clog |
| 1/15/2014 | 10 | 524 Maple St | Root intrusion |
| 1/07/2014 | 5 | 517 E College St | Paper clog |
| 12/23/2013 | 5 | 517 Jones St | Grease clog |
| 11/18/2013 | 10 | 434 E Jefferson St | Grease clog |
| 8/26/2013 | 10,000 | MH CC8 W College St | Grease clog |

** Required information was not reported.

26. Defendant Pulaski should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA, and the CWA.

27. Defendant Pulaski should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Pulaski is liable, each day that the Pulaski Sewage Treatment Plant has discharged pollutants without a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

28. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue to commit these or similar violations in the future.

29. These violations have an adverse impact on waters of the United States and waters of the state, specifically Richland Creek, a tributary of Elk River, Elk River, a tributary of Tennessee River, and the Tennessee River, and on the recreational, aesthetic, and environmental interests of the Riverkeeper's members in those waterways as set out in paragraphs 11 and 12 herein above.

30. These violations cause or contribute to an impairment of Richland Creek. Impaired waters are those waters which do not meet water quality standards for the designated use of the waterbody. Richland Creek in Giles and Marshall Counties is listed on Tennessee's 303(d) list for the year 2016, as impaired due to Escherichia coli (E.coli) and loss of biological integrity due to siltation.

## COUNT TWO
## FAILURE OF NONCOMPLIANCE REPORTING IN VIOLATION OF AN NPDES PERMIT AND THE CLEAN WATER ACT

31. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 30 above as if fully set out in this count.

32. Pulaski is required by Section 2.3.2 (Reporting of Noncompliance) of its permit to file notice with the TDEC Division of Water Resources within 24 hours from the time it becomes aware of any noncompliance which could cause a threat to public drinking supplies, or any other discharge which could constitute a threat to human health or the environment. The permit requires the Defendant to follow up within 5 days with a written report which sets out the details specified in the permit. Overflows are a noncompliance which could, at the least, constitute a threat to human health or the environment, and 24-hour notice of noncompliance and 5-day written reports are therefore required for overflows.

33. After a diligent search, Riverkeeper has been unable to locate in the TDEC maintained public record, 24-hour noncompliance reporting as required by permit Section 2.3.2.

34. After a diligent search, Riverkeeper has been unable to locate in the TDEC maintained public record, 5-day written reports as required by permit Section 2.3.2.

35. Based on the facts set out in this Count and on information and belief, on at least the dates of overflows set out in Court One above, Pulaski failed to report noncompliance within 24 hours.

36. Based on the facts set out in this Count and on information and belief, on at least the dates of overflows set out in Count One above, Pulaski failed to file 5-day written reports.

37. Defendant Pulaski should be subject to an enforcement order or injunction ordering it to fully comply with all requirements of its NPDES permit, the TWQCA and the CWA.

38. Defendant Pulaski should be subject to the assessment of civil penalties for these violations of the CWA pursuant to Section 309(d) and 505 of the CWA, 33 U.S.C. §§ 1319(d) and 1365. For the purpose of assessing the maximum penalty which Defendant Pulaski is liable, each day that the Pulaski has discharged pollutants in violation of a permit authorizing such discharges constitutes a separate violation of Section 301(a) of the CWA, pursuant to Section 309(d), 33 U.S.C. § 1319(d), for each day is has occurred and will occur after the filing of this Complaint.

39. The violations set out in this count are continuing and ongoing and there is a reasonable likelihood that Defendant will continue these or similar violations in the future.

40. These violations have an adverse impact on waters of the United States and waters of the state, specifically Richland Creek, Elk River, and Tennessee River, and on the recreational, aesthetic, and environmental interests of Riverkeeper's members in those waterways as set out in paragraphs 11 and 12 herein above.

## COUNT THREE
## INJUNCTIVE RELIEF

41. Riverkeeper hereby repeats, re-alleges, adopts, and incorporates by reference paragraphs 1 through 40 above as if fully set out in this count.

42. The violations set out herein will continue unless this Court enjoins Defendant from continuing to violate its permit.

43. These violations have caused irreparable injury to some of Riverkeeper's members. Riverkeeper has no adequate remedy at law for the injuries caused to its members by Defendant's ongoing violations in that Riverkeeper would be forced to bring repeated and burdensome actions for each new injury to its interests if Defendant's ongoing violations are not enjoined.

44. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Riverkeeper's favor.

45. Therefore, Riverkeeper brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Riverkeeper respectfully requests that the Court grant the following relief:

a. Plaintiff Riverkeeper requests the Court render a judgment finding and declaring that Defendant Pulaski has violated and is in violation the CWA, 33 U.S.C. 1311(a), the TWQCA, and/or Tennessee NPDES rules;

b. Plaintiff Riverkeeper requests and petitions this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One through Three above and issue an injunction compelling Defendant to remedy the illegal discharges of pollutants into waters of the United States;

c. Plaintiff Riverkeeper requests and petitions this Court to assess a $37,500.00 (thirty-seven thousand, five hundred dollars) civil penalty (*see* 40 CFR § 19) against Defendant Pulaski, Tennessee for each violation and each day of continuing violation of the CWA for which Defendant is found liable pursuant to Sections 309(d) and 505(a) of the CWA, 33 U.S.C.

§§ 1319(d) and 1365(a);

d.  Plaintiff Riverkeeper requests and petitions this Court for an award of litigation costs, including reasonable attorney's fees and expert fees, as authorized by 33 U.S.C. § 1365(d); and

e.  For such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted this the 16th day of August, 2018.

　　　　　　　　　　　　　　　　　　/s/ Elizabeth A. Alexander
　　　　　　　　　　　　　　　　　　Elizabeth A. Alexander, BPR No. 19273
　　　　　　　　　　　　　　　　　　ALEXANDER LAW
　　　　　　　　　　　　　　　　　　4235 HIllsboro Pike, Suite 300
　　　　　　　　　　　　　　　　　　Nashville, TN 37215
　　　　　　　　　　　　　　　　　　Telephone: 415-860-4020
　　　　　　　　　　　　　　　　　　alexanderlawnashville@gmail.com


　　　　　　　　　　　　　　　　　　/s/ Mark E. Martin
　　　　　　　　　　　　　　　　　　Mark E. Martin
　　　　　　　　　　　　　　　　　　Alabama Bar No: ASB-9361-A41M
　　　　　　　　　　　　　　　　　　*Admission Requested Pro Hac Vice*
　　　　　　　　　　　　　　　　　　P.O. Box 1486
　　　　　　　　　　　　　　　　　　Oneonta, AL 35121
　　　　　　　　　　　　　　　　　　(205) 516-9350
　　　　　　　　　　　　　　　　　　mmartin@markemartin.com



　　　　　　　　　　　　　　　　　　***Attorneys for Plaintiff Tennessee Riverkeeper, Inc.***